COMMONWEALTH OF MASSACHUSETTS
SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT

NORFOLK, ss.                                    CIVIL ACTION NO. 17-0255

WILLIAM LIBBY, PERSONAL
REPRESENTATIVE OF THE ESTATE
OF SARAH THERESA LIBBY,

    Plaintiffs,

v.

PARK, MARION AND VERNON
STREETS OPERATING COMPANY,
LLC, D/B/A BROOKLINE HEALTH
CARE CENTER AND JOHN DOE
PHYSICIANS AND JANE DOE
NURSES,

    Defendants.

## NOTICE OF REMOVAL

TO THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS:

    PURSUANT TO 28 U.S.C. § 1446(A) AND LOCAL RULE 81.1, THE DEFENDANT, PARK, MARION AND VERNON STREETS OPERATING COMPANY, LLC, D/B/A BROOKLINE HEALTH CARE CENTER, ("DEFENDANT") hereby invokes the jurisdiction granted pursuant to 28 U.S.C. §§ 1332 and 1441(a) to the United States District Court and notices the removal of the above-captioned matter from the Superior Court Department of the Trial Court of the Commonwealth of Massachusetts in and for the County of Norfolk.  As grounds for removal, the defendant states as follows:

    1.    On or about February 27, 2017, the plaintiff William Libby, Personal Representative of the Estate of Sara Theresa Libby ("Libby") filed a civil action cover sheet and complaint against the defendant in the Superior Court Department of the Trial Court of the Commonwealth of Massachusetts in and for the County of

Norfolk, captioned William Libby, Personal Representative of the Estate of Sarah Theresa Libby v. Park Marion and Vernon Streets Operating Company, LLC d/b/a Brookline Health Care Center and d/b/a Care One at Brookline, Park Marion and Vernon Streets, LLC, Care One, LLC and John Doe Physicians and Jane Doe Nurses, Civil Action No. 17-0255.

2. On or about April 14, 2017, Libby served a summons, a scheduling order, and his complaint upon the defendant. The plaintiff filed an amended complaint prior to the filing of an answer by the defendant. The amended complaint dropped Care One LLC and Park, Marion and Vernon Streets LLC as defendants, leaving one organizational defendant in the case.

3. The aforesaid summons, scheduling order, and complaint, true and accurate copies of which are attached hereto as Exhibits 1 through 5, respectively, constitute all process, pleadings, and orders served upon the defendant in the aforesaid state court action.

4. This Notice of Removal is timely filed, as the defendant files same within thirty (30) days after formal service of the initial pleading setting forth the claims for relief upon which such action or proceeding is based as required by the provisions of 28 U.S.C. § 1446(b). See Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 347-48, 119 S. Ct. 1322, 1325 (1999).

5. Jurisdiction exists over this removed action, pursuant to 28 U.S.C. § 1441, because this action could originally have been filed in the United States District Court, pursuant to 28 U.S.C. § 1332(a)(1), on the basis that there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000:

   a. Park, Marion and Vernon Streets Operating Company, LLC is a limited liability company, the sole member of which is THCI of Massachusetts, LLC. The sole member of THCI of Massachusetts, LLC is Care Realty, LLC. Care Realty, LLC has three members; a trust titled DES-A-2009 GRAT (all of the members of which are citizens of New York and New Jersey), an individual who is a citizen of New Jersey, and Care Holdings (MT), LLC. The sole member of Care Holdings (MT), LLC is Care Partners (MT), LLC (all of the members of which are citizens of New York and New Jersey).

   b. Based on the complaint, Libby is a citizen of Norfolk County, in the Commonwealth of Massachusetts for the purposes of diversity jurisdiction;

   c. Libby alleges the wrongful death of his decedent. See Exhibits 1 and 5, Complaint and Amended Complaint.

6. Because complete diversity of citizenship exists between the plaintiff and the defendant, and as the amount in controversy exceeds the sum of $75,000.00, removal is proper pursuant to 28 U.S.C. § 1446.

7. The Eastern Division of the United States District Court for the District of Massachusetts is the proper forum for removal pursuant to 28 U.S.C. §§ 101 and 1441(a), as the civil action is pending in Norfolk County, Massachusetts.

8. Undersigned counsel will promptly provide written notice of the removal of this action pursuant to 28 U.S.C. § 1446(d) to Libby and to the Clerk of the Superior Court Department of the Trial Court of the Commonwealth of Massachusetts in and for the County of Middlesex.

9. Pursuant to Local Rule 81.1(a), undersigned counsel shall request of the Clerk of the Superior Court Department of the Trial Court of the Commonwealth of Massachusetts in and for the County of Middlesex certified or attested copies of all docket entries therein and shall file same with this Court within twenty eight (28) days after filing this Notice of Removal.

**WHEREFORE**, Park, Marion and Vernon Streets Operating Company, LLC requests that the action pending in the Superior Court Department of the Trial Court of the Commonwealth of Massachusetts in and for the County of Norfolk, be removed therefrom to the United States District Court for the District of Massachusetts and proceed as an action properly so removed.

THE DEFENDANT,
PARK, MARION AND VERNON STREETS
OPERATING COMPANY, LLC, D/B/A
BROOKLINE HEALTH CARE CENTER,

By Its Attorney,

/s/Joseph M. Desmond
Joseph M. Desmond, BBO #634883
jdesmond@morrisonmahoney.com
MORRISON MAHONEY LLP
250 Summer Street
Boston, MA 02210-1181
Phone:   617-439-7500
Fax:     617-342-4935

Date: May 12, 2017

1464541v.1

## **CERTIFICATE OF SERVICE**

  I, Joseph M. Desmond, do hereby certify that I have this day served the foregoing to all counsel of record in this action by mailing the same, postage prepaid to:

Daniel C. Federico, Esq.
Shaines and McEachern PA
282 Corporate Drive, Unit 2
Portsmouth, NH 03801

Date: May 12, 2017   Attorney: /s/Joseph M. Desmond