UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

WILLIAM LIBBY, Personal Representative )
of the ESTATE OF SARAH THERESA LIBBY, )
                                      )
            Plaintiff,                )
    v.                                )
                                      )     CIVIL ACTION
                                      )     NO. 17-10843-JGD
PARK, MARION AND VERNON STREETS       )
OPERATING COMPANY, LLC, d/b/a         )
BROOKLINE HEALTH CARE CENTER,         )
                                      )
            Defendant.                )

# MEMORANDUM OF DECISION AND ORDER ON PLAINTIFF'S MOTIONS TO AMEND TO ADD NEW PARTY AND TO REMAND

October 6, 2017

DEIN, U.S.M.J.

## I. INTRODUCTION

The plaintiff, William Libby, in his capacity as the Personal Representative of the Estate of Sarah Theresa Libby ("Ms. Libby"), brought this negligence action against Park, Marion and Vernon Streets Operating Company, LLC d/b/a Brookline Health Care Center ("BHCC"), and John Doe Physicians and Jane Doe Nurses. As alleged in the complaint, as a result of the defendants' negligence, Ms. Libby choked to death when she was left unsupervised to eat in the dayroom of the assisted living facility in which she resided.

Suit was originally filed in Norfolk Superior Court on or about February 27, 2017, and the complaint was served on BHCC on or about April 14, 2017. (Docket No. 1 at ¶¶ 1, 2). A First

Amended Complaint dropping some corporate defendants, but still naming John Doe Physicians and Jane Doe Nurses as defendants, was filed on or about May 2, 2017. (<u>Id.</u> at ¶ 2; Docket No. 1 at Ex. 5). BHCC removed the action to this court on May 12, 2017, alleging that this court has jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) on the basis of diversity of citizenship between the parties, and an amount in controversy in excess of $75,000. (Docket No. 1).

BHCC has moved to dismiss the John Doe and Jane Doe defendants. The plaintiff does not oppose that motion, and it will be allowed. (<u>See</u> Docket No. 25). The matter is presently before the court on plaintiff's "Motion to Amend Complaint to Add New Party." (Docket No. 24). By this motion, the plaintiff is seeking to add the Director of Nursing at BHCC, Altagrace Metayer, as a defendant. The addition of Ms. Metayer would defeat diversity jurisdiction. Consequently, the plaintiff has also brought a "Motion to Remand" this matter to state court. (Docket No. 31). BHCC opposes both motions on the grounds that the proposed Second Amended Complaint (Docket No. 24-1) ("SAC") fails to state a claim against Ms. Metayer, and that, as a result, diversity jurisdiction still exists and there is no basis to remand this action to state court.

As detailed herein, the complaint does not state a claim against Ms. Metayer. Therefore, the motion to amend the complaint to add a party (Docket No. 24) and the motion to remand (Docket No. 31) are DENIED WITHOUT PREJUDICE. There being no opposition, defendant's "Motion to Dismiss 'John Doe Physicians' and 'Jane Doe Nurses'" (Docket No. 25) is ALLOWED.

## II. STATEMENT OF FACTS

"Leave to amend under [Fed. R. Civ. P.] 15 is freely given when justice so requires absent an adequate basis to deny amendment such as futility, bad faith, undue delay or a dilatory motive," Transwitch Corp. v. Galazar Networks, Inc., 377 F. Supp. 2d 284, 290 (D. Mass. 2005) (internal quotations omitted). In the instant case, BHCC opposes the motion to amend the complaint on the grounds that the proposed SAC fails to state a claim against Ms. Metayer and is "frivolous" and "a clear attempt to destroy diversity and remand this matter back to state court." (Def. Opp. (Docket No. 27) at ¶¶ 2, 3). In evaluating the sufficiency of the allegations of a complaint in the context of such a claim of futility, the court is guided by "the liberal criteria of Federal Rule of Civil Procedure 12(b)(6)." Transwich Corp., 377 F. Supp. 2d at 290. "The facts, and reasonable inferences therefrom, in the [complaint] are considered true[.]" Id. at 294. Applying this standard, the relevant facts are as follows.

### Events Surrounding Ms. Libby's Death

BHCC operates a senior care facility located at 99 Park Street, Brookline, Massachusetts, known as Brookline Health Care Center. (SAC ¶ 2). In the SAC, plaintiff alleges that Altagrace Metayer, who resides in Massachusetts, "was the Director of Nursing at Brookline Health Care Center at the time at issue[.]" (Id. ¶ 4). This is the only express reference to Ms. Metayer in the SAC.

Ms. Libby was admitted to BHCC on or about April 7, 2012 for skilled nursing care and rehabilitation after a hospitalization for seizures and falls, and she remained there until her death on May 7, 2014. (Id. ¶¶ 9-10). Throughout this period, Ms. Libby was deemed to be at risk for falls. (E.g., id. ¶¶ 18, 20, 23, 26, 35). Her medical records also indicated that she was on

a soft diet, customized for her diabetes, and at variable times during her residency at the facility required continual supervision while eating since she was at risk for aspiration. (E.g., id. ¶¶ 14-17, 22, 24-25, 30, 33-34, 36-40). As further alleged in the complaint:

> 41. On the morning of May 7, 2014, a resident in the day room alerted the nurses to help Ms. Libby who was holding her chest and in distress. A nurse's note later in the day said that Ms. Libby was seen holding her neck and tapping on her chest; and that she became unresponsive as she was being assessed by staff.

(Id. ¶ 41). When ambulance personnel attempted to insert an endoctracheal tube, they "had to remove a silver dollar sized piece of food before they were able to successfully intubate her." (Id. ¶ 42). Ms. Libby was pronounced dead upon her arrival at Beth Israel Hospital. (Id. ¶ 43). The cause of death was "respiratory distress, secondary to aspiration." (Id.). An autopsy revealed "a large volume of undigested food in her stomach and evidence of recent aspiration in her left lung." (Id.).

### Causes of Action

Count I of the SAC purports to state a claim of "Common Law Negligence" "Against All Defendants[.]" Therein, the plaintiff asserts claims against "[t]he Defendant" and "[t]he Defendant, its agents, officers, servants, employees, and assigns[.]" (E.g., id. ¶¶ 46-47). The negligent conduct is described as including the "Failure to properly recognize, evaluate and assess Ms. Libby's risk for food aspiration and choking[,]" the "Failure to implement proper feeding precautions for Ms. Libby[,]" and the "Failure to assess fall risks and prevent falls[.]" Count II of the SAC, a claim of wrongful death, is also brought against "All Defendants" and is also based on the "aforesaid conduct[.]" (Id. ¶ 58). Other than being listed as the Director of Nursing (id. ¶ 4), Ms. Metayer is not mentioned in the SAC, and there are no allegations from

[4]

which the court (or the defendant) could determine the basis of the claims against her. Similarly, there are no allegations to the effect that the Director of Nursing (as opposed to, for example, a doctor) is responsible for making any of these evaluations or assessments, or for designing or implementing any precautions the plaintiff believes were necessary.

Count III of the SAC is a claim of "Breach of implied covenant of good faith, reasonableness and fair dealing[.]" While it purports to be brought against "All Defendants[,]" it is premised on "the written and/or oral agreement(s) between the facility and the deceased or the decedent's legal representatives[.]" (Id. ¶ 67). There is no indication that Ms. Metayer was a party to any such agreements.[1]

## Procedural History

As detailed above, the plaintiff filed the original complaint in this case on February 27, 2017 in Norfolk County Superior Court. The case was subsequently removed to this court on May 12, 2017 based on diversity jurisdiction. On June 19, 2017, at the initial scheduling conference held before the District Judge to whom this case was originally assigned,[2] the issue whether any of the "Jane Doe Nurses" or "John Doe Physicians" were known, and whether their addition would defeat diversity jurisdiction, was discussed. The parties dispute whether at this conference the plaintiff agreed to file interrogatories seeking the identity of the Jane Doe nurses. It is, however, undisputed that he was allowed to, but did not file such discovery. It is also undisputed that BHCC was ordered to provide a list of persons with discoverable

---

[1] Count IV of the SAC alleges a violation of Mass. Gen. Laws ch. 93A which, by its terms, has been brought against only corporate defendants.

[2] On June 27, 2017, the parties consented to having this case finally decided by a Magistrate Judge, in accordance with 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73. (Docket No. 20).

[5]

knowledge by July 18, 2017, and that the plaintiff was to file any motions to amend to add any additional parties and to remand by August 2, 2017. (Docket No. 18).

For reasons that are in dispute, the plaintiff did not receive the list of persons with discoverable knowledge from the defendant until July 27, 2017. (See Pl. Reply (Docket No. 28) at 2). Therein, Ms. Metayer was identified as an individual who, along with other nurses, "authored portions of the plaintiff's nursing chart." (Id. at 3). The plaintiff filed the instant motion to add Ms. Metayer as a party on August 4, 2017. He filed his motion to remand on August 30, 2017.[3]

Additional facts will be provided below where appropriate.

### III. DISCUSSION

A motion for leave to amend is considered under Fed. R. Civ. P. 15(a), which provides that leave to amend should be "freely given when justice so requires." Torres-Àlamo v. Puerto Rico, 502 F.3d 20, 25 (1st Cir. 2007) (quoting Fed. R. Civ. P. 15(a)(2)). "The limited reasons for denying a pre-judgment motion to amend include undue delay, bad faith, futility and the absence of due diligence on the movant's part." Id. (quotations and citations omitted). Where, as here, a motion to amend is opposed on the ground of futility and frivolousness, the sufficiency of the pleading is assessed under the liberal pleading standards of Fed. R. Civ. P. 12(b)(6). See Transwitch Corp., 377 F. Supp. 2d at 290. The court must accept as true all facts, and reasonable inferences therefrom, set forth in the proposed amended complaint. Id. at 294. An

---

[3] BHCC argues that the motions are untimely as they were due on August 2, 2017. The plaintiff argues that the motions are timely because the defendant identified the witnesses late, and the motion to amend was filed within 14 days of when counsel obtained the defendant's witness list. This court declines to base its decision on the timing of the motions.

"'amendment is not deemed futile as long as the proposed amended complaint sets forth a general scenario which, if proven, would entitle the plaintiff to relief against the defendant on some cognizable theory.'" Id. at 290 (quoting Hatch v. Dep't for Children, Youth & Their Families, 274 F.3d 12, 19 (1st Cir. 2001)).

Despite these liberal standards, however, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1965, 167 L. Ed. 2d 929 (2007). "Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (internal punctuation and citation omitted). Rather, the plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In the instant case, the plaintiff has failed to plead any facts which tie Ms. Metayer to the incident that lead to Ms. Libby's death. There are no facts alleged from which the court can determine the basis of her potential liability. Moreover, Ms. Metayer's status as the Director of Nursing is not sufficient to establish her liability. See Lyon v. Morphew, 424 Mass. 828, 833, 678 N.E.2d 1306, 1309 (1997) (plaintiff was injured when safety rail was removed by the engineering department; defendant's general supervisory authority over the engineering department "alone, is not enough to support a finding that she personally participated in acts causing harm to the plaintiff."). This is especially true here, where there are no allegations that it was the responsibility of the nurses to make the evaluations or assessments that the plaintiff claims were done negligently, or to design or implement the programs the plaintiff claims were

lacking. See Addis v. Steele, 38 Mass. App. Ct. 433, 439, 648 N.E.2d 773, 777 (1995) ("[w]ithout evidence that the individual [corporate officer] defendants participated in acts causing injury to the plaintiffs, there was no breach of duty to the plaintiffs."). The SAC fails to allege sufficient facts to state a claim against Ms. Metayer. Therefore, the motion to amend is denied. Since there is still diversity between the parties, the motion to remand is denied as well.

## IV. CONCLUSION

For all the reasons detailed herein, plaintiff's "Motion to Amend Complaint to Add New Party" (Docket No. 24) and plaintiff's "Motion to Remand" (Docket No. 31) are DENIED WITHOUT PREJUDICE. Defendant's "Motion to Dismiss 'John Doe Physicians' and 'Jane Doe Nurses'" (Docket No. 25) is ALLOWED.

/ s / Judith Gail Dein
Judith Gail Dein
United States Magistrate Judge